UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. FORD, JR.

    Plaintiff,

v.

TRANSUNION, LLC

    Defendant.

Case No. 25-cv-13433

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Anthony Ford, Jr. commenced this Fair Credit Reporting Act ("FCRA") lawsuit against TransUnion, LLC. The complaint alleges that TransUnion failed to identify the entity who furnished it with the court docket in Ford's bankruptcy case.[1]

Before the Court is Ford's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and

---

[1] Ford filed a different case against TransUnion alleging separate FRCA violations from the one asserted in this litigation. The district judge assigned to that matter recently dismissed the complaint without prejudice. *See Ford v. TransUnion LLC*, No. 25-13432, 2025 U.S. Dist. LEXIS 217292 (E.D. Mich. Nov. 4, 2025). Ford's bankruptcy case is docketed in the United States Bankruptcy Court for Eastern District of Michigan under Case No. 19-45985. The docket reflects that he filed a voluntary Chapter 7 bankruptcy petition in April 2019 and that he received a "standard discharge" later that July. All this information is available to the public.

allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

The FCRA requires consumer reporting agencies, like TransUnion, to "follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates."[2] 15 U.S.C. § 1681e(b). The statute authorizes an aggrieved consumer to commence suit against the consumer reporting agency if it "willfully violates this mandate." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020); *see also* 15 U.S.C. § 1681n.

To state a plausible section 1681e(b) claim, the plaintiff must show "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Twumasi-Ankrah*, 954 F.3d at 941 (quotation omitted). The "inaccuracy" element requires plausible allegations that the consumer reporting agency related either (1) "patently incorrect information about" the consumer, or (2) "information that was misleading in such a way and to such an extent that it could have been expected to have an adverse effect on the consumer." *Id.* (cleaned up).

In the event a consumer disputes the accuracy of any item listed in his file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Similar to a section 1681e(b) claim, the consumer must allege that the contested

---

[2] TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

3

information is inaccurate to plausibly establish a section 1681i claim. *See Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) ("We join the weight of authority in other circuits to conclude that a showing of inaccuracy is an essential element of a § 1681i claim.").

Since the "threshold question under both Sections 1681e(b) and 1681i is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Thompson v. Equifax Info. Servs. LLC*, No. 20-6101, 2022 U.S. Dist. LEXIS 32935, at *23 (E.D.N.Y. Feb. 24, 2022) (quotation omitted).

Here, Ford does not contest the accuracy of TransUnion's reporting on his bankruptcy case. He takes TransUnion to task for failing to identify who furnished it with the bankruptcy court docket. (ECF No. 1, PageID.2). That type of allegation is simply not actionable under either section 1681e(b) or 1681i. *See Thompson*, 2022 U.S. Dist. LEXIS 32935, at *22-26 (recommending dismissal of the plaintiff's FRCA claim where she failed to "state a claim for relief under Sections 1681e(b) and 1681i based on the alleged reporting of her bankruptcy because . . . she has not alleged with any specificity the alleged inaccuracies reported or how the reported information was misleading."); *see also Washington v. Equifax*, No. 19-00154, 2019 U.S. Dist. LEXIS 98696, at *8 (M.D. Tenn. May 2, 2019), *adopted by* 2019 U.S. Dist. LEXIS 98697 (M.D. Tenn. Jun. 12, 2019) (recommending dismissal of the

plaintiff's section 1681i claim because his "allegations regarding the presence of an undisputed bankruptcy on his credit report do not state a claim for which relief can be granted under 15 U.S.C. § 1681i(a)(7)."). Accordingly,

IT IS ORDERED that Ford's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Ford may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: November 18, 2025				s/ Robert J. White
						Robert J. White
						United States District Judge

5